

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS A. ANTONETTI,

          Plaintiff,

-against-

DETECTIVE JOHN DOE, 104th Police
Precinct; POLICE COMMISSIONER
RAYMOND W. KELLY; MAYOR
MICHAEL R. BLOOMBERG

          Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV- 56 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Carlos A. Antonetti, who is pro se, requests leave to proceed in forma pauperis ("IFP"). (See Docket Entry # 2.) That motion is GRANTED, but Antonetti's complaint is DISMISSED as against New York City Police Commissioner Raymond Kelly and New York City Mayor Michael Bloomberg. He may, however, proceed to serve the other, currently unknown, defendant once that defendant is identified by the City of New York.

In considering whether to grant a plaintiff leave to proceed IFP, a district court must dismiss all claims that clearly fail to state a claim upon which be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, Antonetti has named Kelly and Bloomberg as defendants, but his complaint—even read liberally, see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006)—fails to assert any semblance of a valid claim against them. Antonetti alleges that he was assaulted by an unknown detective at a station house in Queens, New York. (See Compl.

1

(Docket Entry # 1) at 4-5.) He does not allege that Kelly or Bloomberg were directly or personally involved in the assault, nor does he allege any other conduct on their part that could conceivably form the basis for liability.

The complaint does, however, allege facts sufficient to justify service of process on the unknown detective named in the complaint. Antonetti alleges that this detective, whose badge number is alleged to be 7896, struck him without cause while on the job with the New York City Police Department. (See Compl. at 5.) In other words, he alleged, although not necessarily properly pled, an actionable constitutional tort. Cf. Graham v. Connor, 490 U.S. 386, 388 (1989) (holding that claims that law enforcement officials have used excessive force in the course of "an arrest, investigatory stop, or other 'seizure' of [a] person" implicate the Fourth Amendment of the United States Constitution, and recognizing that such claims may be brought under § 1983).

In accordance with the learning of Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the court directs the New York City Law Department to ascertain within twenty days of this order the full name and service address of the detective whose badge number is alleged to be 7896. The Law Department need not undertake to defend or indemnify this individual at this juncture. Once this information is provided, Antonetti's complaint shall be deemed amended to reflect the full name of the defendant, a summons shall be issued, and the court shall direct service on the defendant.

Antonetti's complaint against Kelly and Bloomberg is DISMISSED. His claims against John Doe may proceed, and, to facilitate this, a copy of this order shall be served on the Special Litigation Division of the Law Department. The case is respectfully referred to the Magistrate Judge Lois Bloom for pretrial supervision. The court certifies pursuant to that any appeal from

this order would not be taken in good faith.

SO ORDERED.

/S/

Dated: Brooklyn, New York
      July 2, 2012

NICHOLAS G. GARAUFIS
United States District Judge